IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Edward W. Nottingham**

Civil Action No. 04–cv–01039–EWN–PAC


APRIL C. HOFF,

     Plaintiff,

v.

DENVER USED PICKUP PARTS EAST, INC., a Colorado corporation,
SANDRA J. McCLURG and
JASON DEARMAN,

     Defendants.

---

## ORDER AND MEMORANDUM OF DECISION

---

     This is a negligence case.  Plaintiff April Hoff alleges that Defendants Denver Used

Pickup Parts East, Inc. (hereinafter "DUPPE"), Sandra J. McClurg, and Jason Dearman

(collectively "Defendants") are responsible for Plaintiff's personal injuries resulting from a

motorcycle accident.  This matter is before the court on (1) "Defendant Dearman's Motion for

Summary Judgment," filed January 21, 2005; and (2) "Denver Used Pickup Parts East, Inc.'s

Motion for Summary Judgment," filed January 21, 2004.  Jurisdiction is based on diversity of

citizenship, 28 U.S.C. § 1332 (2005).

**FACTS**

*1.    Factual Background*

On June 7, 2002, Defendant Sandra McClurg was driving a 1983 Chevrolet Blazer (the

"Blazer") owned by Defendant Jason Dearman on Colorado Highway 270, east of Vasquez

Boulevard.  (Def. Dearman's Mot. for Summ. J., Statement of Undisputed Facts ¶¶ 1–2 [filed

Jan. 21, 2005] [hereinafter "Def. Dearman's Br."]; First Am. Compl.¶ 8 [filed Nov. 2, 2004]

[hereinafter "First Am. Compl."].)[1]  Defendant Dearman's vehicle developed mechanical

problems on the highway causing an oil leak.  (Denver Used Pickup Parts East, Inc.'s Mot. for

Summ. J.; Mem. Br. in Supp. of Denver Used Pickup Parts East, Inc.'s Mot. for Summ. J. at 2

[filed Jan. 21, 2005] [hereinafter "Def. DUPPE's Br."].)  Plaintiff asserts that because of the oil

on the road, she could not slow down or stop her motorcycle and subsequently suffered damages.

(*Id.*)

---

[1]Plaintiff did not follow my procedural rules when responding to Defendants' motion for
summary judgment.  My procedural rules require that:

> [a]ny party opposing the motion for summary judgment shall in a section of the
> brief styled Response to Statement of Undisputed Facts, admit or deny the
> asserted material facts set forth by the movant.  The admission or denial shall be
> made in separate paragraphs numbered to correspond to movant's paragraph
> numbering.  Any denial shall be accompanied by a brief factual explanation of the
> reasons for the denial and a specific reference to material in the record supporting
> the denial.

(*See* Practice Standards — Civil, Special Instructions Concerning Motions for Summary
Judgment ¶ 4.)  Plaintiff did not specifically admit or deny any of Defendants' proffered facts.
Accordingly, I have attempted to harmonize the facts asserted in Plaintiff's argument section in
comparison to those proffered by Defendants.  I deem those facts asserted by Defendants, which
are not addressed by Plaintiff, as true.

Defendant Dearman replaced the transmission in the Blazer himself prior to the accident. (Defendant Dearman's Br., Statement of Undisputed Facts ¶¶ 1–2.)  Defendant Dearman testified that he had experience in changing transmissions.  (*Id.*, Ex. C at 9–11 [Dep. of Dearman].)  Defendant Dearman explained that when he removed the transmission, he did not loosen the rear differential pinion shaft and coupling nut.  (*Id.*, Ex. C at 11–16 [Dep. of Dearman].)  Sometime after installing the transmission, Defendant Dearman noticed a vibration or noise.  (Def. DUPPE's Br., Statement of Undisputed Material Facts ¶ 2 [filed Jan. 21, 2005] [hereinafter "Def. DUPPE's Br."].)  Defendant Dearman asked Defendant McClurg to take the Blazer to Defendant DUPPE and "get it looked at."  (Def. DUPPE's Br., Statement of Undisputed Material Facts ¶ 3, Ex. A–1 at 22 [Dep. of Dearman], Ex. A–2 at 13–14 [Dep. of McClurg].)  A DUPPE employee told Defendant McClurg that the noise was not due to the transmission at all, but due to the "pumpkin" or differential.  (*Id.*, Statement of Undisputed Material Facts ¶ 5.)  The DUPPE employee told Defendant McClurg to have Defendant Dearman check the pumpkin instead.  (*Id.*)  Plaintiff McClurg testified that the DUPPE employee took the Blazer for a test drive and thought it would be okay for her to drive the car home.  (Def. Dearman's Br., Ex. B at 18 [Dep. of McClurg].)  Specifically, Defendant McClurg testified that she told the DUPPE employee exactly how far she needed to travel, and the employee "said it should be fine."  (*Id.*)

Defendant McClurg left Defendant DUPPE and proceeded to drive onto Interstate 270. (Def. DUPPE's Br., Statement of Undisputed Material Facts ¶ 9, Ex. A–2 at 19 [Dep. of McClurg].)  Defendant McClurg encountered a traffic jam and decreased her speed.  (*Id.*)  At this time, she heard a loud noise.  (*Id.*)  As Defendant McClurg pulled the Blazer to the side of the

road, it emitted a narrow trail of oil.  (*Id.*, Statement of Undisputed Material Facts ¶ 10, Ex. A–2 at 36 [Dep. of McClurg].)  Plaintiff was behind Defendant McClurg and attempted to slow down when she saw brake lights due to the traffic jam.  (*Id.*, Ex. A–4 at 108–10 [Dep. of Pl.].)  There was one car in between Plaintiff and Defendant McClurg.  (*Id.*, Ex. A–4 at 110 [Dep. of Pl.].)  Plaintiff testified that the car in front of her swerved and Plaintiff was unable to stop.  (*Id.*, Ex. A–4 at 114–15 [Dep. of Pl.].)  Plaintiff "laid down" her bike on the road at a speed of perhaps twenty-five miles per hour.  (*Id.*)  Plaintiff alleges that she suffered "road rash" and injuries to her left ankle, knee, and leg as a result of the accident.  (*Id.* at 2; First Am. Compl. ¶ 24.)  Defendant Dearman arrived at the cite of the accident and drove the Blazer home from the scene of the accident at a slow rate of speed.  (Def. DUPPE's Br., Ex. A–1 at 28 [Dep. of Dearman].)

**2.**   ***Procedural History***

Plaintiff filed her complaint in this court on May 21, 2004.  (Compl. [filed May 21, 2004].)  Plaintiff asserted claims for negligence and negligence *per se* against Defendants McClurg and Dearman.  (*Id.* ¶¶ 14–19.)  Defendant McClurg filed her answer on August 30, 2004.  (Def. McClurg's Answer to Compl. [filed August 30, 2004].)  On September 10, 2004, Defendant Dearman filed his answer to Plaintiff's complaint.  (Answer and Jury Demand by Def. Dearman [filed Sept. 10, 2004].)

On September 10, 2004, and September 17, 2004, Defendants Dearman and McClurg respectively, filed a "Designation of Non-Party at Fault" naming DUPPE, as a non-party at fault.  (Designation of Non-Party by Def. Dearman [filed Sept. 10, 2004]; Designation of Non-Party by Def. McClurg [filed Sept. 17, 2004].)

On November 2, 2004, Plaintiff filed her first amended complaint. (First Am. Compl.) Plaintiff named DUPPE as a Defendant in addition to Defendants Dearman and McClurg. (*Id.*) Plaintiff asserted a negligence claim and a negligence *per se* claim against Defendants Dearman and McClurg. Plaintiff, however, asserted only a common law negligence claim against Defendant DUPPE. (*Id.* ¶¶ 18–25.) On November 4, 2004, Defendant McClurg filed her answer to Plaintiff's amended complaint. (Def. McClurg's Answer to Am. Compl. [filed Nov. 4, 2004].) On November 16, 2004, Defendant Dearman filed his answer to Plaintiff's amended complaint. (Def. Dearman's Answer to Am. Compl. [filed Nov. 16, 2004].) On January 4, 2004, Defendant DUPPE filed its answer to Plaintiff's amended complaint. (Denver Used Pick Parts East, Inc.'s Answer and Jury Demand to Plaintiff's First Am. Compl. [filed Jan. 4, 2005].)

On January 21, 2005, Defendant Dearman filed a motion for summary judgment. (Def. Dearman's Br.) Def. Dearman alleges that Plaintiff's negligence claim fails as a matter of law because Plaintiff has not produced any evidence that Defendant Dearman breached any statutory or common law duty. (*Id.* at 6–7.) On January 24, 2005, Defendant McClurg joined Defendant Dearman's motion for summary judgment. (Def. McClurg's Joinder with the Mot. for Summ. J. Filed by Def. Dearman [filed Jan. 24, 2005] [hereinafter "Def. McClurg's Joinder"].) In addition to all the points asserted by Defendant Dearman in his motion for summary judgment, Defendant McClurg asserts that (1) she did not own the Blazer, (2) she did not help Defendant Dearman replace the transmission, (3) she never worked on a car before, and (4) she does not recall ever driving the Blazer before the date of the accident. (*Id.* at 2–3.) On January 28, 2005, Defendant DUPPE joined Defendant Dearman's motion for summary judgment. (Denver Used Pickup Parts East, Inc.'s Joinder in Defendant Dearman's Mot. for Summ. J. [filed Jan. 28, 2005].) On

February 28, 2005, Plaintiff filed her response to Defendant Dearman's motion for summary judgment. (Pl.'s Resp. to Def. Dearman's Mot. for Summ. J. [filed Feb. 28, 2005] [hereinafter "Pl.'s Resp. to Def. Dearman's Br."].)  On March 11, 2005, Defendant McClurg filed her reply in support of Defendant Dearman's motion for summary judgment. (Def. McClurg's Reply to Pl.'s Resp. to the Mot. for Summ. J. Filed by Def. Dearman [filed Mar. 11, 2005] [hereinafter "Def. McClurg's Reply"].)  On March 23, 2005, Defendant Dearman filed a reply in support of his motion for summary judgment. (Def. Dearman's Reply to Mot. For Summ. J. [filed Mar. 23, 2005].)  This motion is now fully briefed.

On January 21, 2005, Defendant DUPPE filed its own motion for summary judgment. (Def. DUPPE's Br.)  Defendant DUPPE argues that it does not owe a duty to Plaintiff and even assuming that it did, the breach of that duty is not the proximate cause of Plaintiff's injuries. (*Id.* at 6–11.)  On February 28, 2005, Plaintiff filed her response to Defendant DUPPE's motion for summary judgment. (Pl.'s Resp. to Def. Denver Used Pickup Parts East, Inc.'s Mot. for Summ. J. [filed Feb. 28, 2005] [hereinafter "Pl.'s Resp. to Def. DUPPE's Br."].)  Defendant DUPPE filed its reply in support of the motion for summary judgment on March 14, 2005. (Reply Br. in Supp. of Denver Used Pickup Parts East, Inc.'s Mot. for Summ. J. [filed Mar. 14, 2005] [hereinafter "Def. DUPPE's Reply"].)  This motion is now fully briefed.

## ANALYSIS

### *1.    Standard of Review*

Pursuant to Rule 56(c) of the Federal Rules of Civil Procedure, the court may grant summary judgment where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material

fact and the . . . moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c) (2003); *see Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986); *Concrete Works, Inc. v. City & County of Denver*, 36 F.3d 1513, 1517 (10th Cir. 1994). The moving party bears the initial burden of showing an absence of evidence to support the nonmoving party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). "Once the moving party meets this burden, the burden shifts to the nonmoving party to demonstrate a genuine issue for trial on a material matter." *Concrete Works, Inc.*, 36 F.3d at 1518 (citing *Celotex Corp.*, 477 U.S. at 325). The nonmoving party may not rest solely on the allegations in the pleadings, but must instead designate "specific facts showing that there is a genuine issue for trial." *Celotex Corp.*, 477 U.S. at 324; *see* Fed. R. Civ. P. 56(e). "'Only disputes over facts that might affect the outcome of the suit under governing law will preclude the entry of summary judgment.'" *Sanchez v. Denver Pub. Schs.*, 164 F.3d 527, 531 (10th Cir. 1998) (quoting *Anderson*, 477 U.S. at 248). The court may consider only admissible evidence when ruling on a summary judgment motion. *See World of Sleep, Inc. v. La-Z-Boy Chair Co.*, 756 F.2d 1467, 1474 (10th Cir. 1985). The factual record must be viewed in the light most favorable to the nonmoving party. *Concrete Works, Inc.*, 36 F.3d at 1518 (citing *Applied Genetics Int'l, Inc. v. First Affiliated Sec., Inc.*, 912 F.2d 1238, 1241 [10th Cir. 1990]).

**2.**     *Plaintiff's Negligence Per se Claim Asserted Against Defendants Dearman and McClurg*[2]

Plaintiff's complaint asserts a claim for negligence *per se* against Defendants Dearman and McClurg. (First Am. Compl. ¶¶ 18–19.)[3]  Plaintiff bases her negligence *per se* claim on Colo. Rev. Stat. § 42–4–202(1).  Colo. Rev. Stat. § 42–4–202(1) provides that:

> [i]t is unlawful for any person to drive or move or for the owner to cause or knowingly permit to be driven or moved on any highway any vehicle or combination of vehicles which is in such unsafe condition as to endanger any person, or which does not contain those parts or is not at all times equipped with such lamps and other equipment in proper condition and adjustment as required in this section and sections 42–4–204 to 42–4–231 and part [three] of this article, or which is equipped in any manner in violation of said sections and part [three] or for any person to do any act forbidden or fail to perform any act required under said sections and part [three].

Colo. Rev. Stat. § 42–4–202(1).

"Violation of a statute or ordinance adopted for the public's safety may be negligence *per se* and establish the violator's civil liability for all damages proximately caused thereby."

---

[2]Plaintiff confesses her common law claim of negligence as asserted against Defendant Dearman. (Pl.'s Resp. to Def. Dearman's Br. at 1–2.)  Plaintiff states, "summary judgment in favor of Defendant Dearman is appropriate on Plaintiff's claims of common law negligence." (*Id.* at 2.)  While Plaintiff does not specifically mention Defendant McClurg, summary judgment is also appropriate in favor of Defendant McClurg on Plaintiff's common law negligence claim.  Defendant McClurg joined Defendant Dearman's motion for summary judgment and incorporated all of his arguments including the argument regarding Plaintiff's need for expert witness testimony. (Def. McClurg's Joinder.)  Plaintiff agrees that she needs expert witness testimony for her negligence claims against Defendant Dearman and she will not produce such testimony.  This point is also applicable to Plaintiff's common law negligence claim against Defendant McClurg. (Pl.'s Resp. to Def. Dearman's Br. at 1–2.)  Accordingly, Defendant McClurg is entitled to summary judgment with respect to Plaintiff's common law claim for negligence.

[3]Plaintiff does not assert a negligence *per se* claim against Defendant DUPPE.

*Hageman v. TSI, Inc.*, 786 P.2d 452, 453–54 (Colo. App. 1990) (citing *Lyons v. Nasby*, 770 P.2d 1250 [Colo. 1989]).  Before the doctrine can apply, the injured party must show that he or she is a member of the class that the statute or ordinance was intended to protect, that the injuries suffered were of the kind the statute was enacted to prevent, *Largo v. Crespin,* 727 P.2d 1098 (Colo. 1986), and that the statute or ordinance prescribes or proscribes specific conduct.  *Sego v. Mains,* 578 P.2d 1069 (Colo. 1978).  If these criteria are met, the legislation establishes the standard of conduct of a reasonable person, subject in some cases to the violator's affirmative defense that compliance was impossible or would have created a greater risk of danger or injury. *See Eddy v. McAninch,* 347 P.2d 499, 504 (Colo. 1959); *Crosby v. Canino,* 268 P. 1021 (Colo. 1928).  I evaluate whether section 42–4–202 is an appropriate basis for a negligence *per se* action in this case below.

Here, Plaintiff, a motorist on the highway, was a member of the class of persons that the statute was intended to protect.  *See* Colo. Rev. Stat. § 42–4–202(1).  Plaintiff's injuries resulting from Defendant Dearman's unsafe vehicle was the kind of injury the rules were intended to prevent.  *See id.*  Finally, the rules proscribe that "[i]t is unlawful for any person to drive or move or for the owner to cause or knowingly permit to be driven or moved on any highway any vehicle or combination of vehicles which is in such unsafe condition as to endanger any person . . ."  *Id.*  These rules were promulgated to create uniform standards for the benefit of motor vehicle operators and the public.  *See Hageman*, 786 P.2d at 454–55 (finding negligence *per se* based on motor vehicle safety statutes); *see also Eddy*, 347 P.2d 230–32 (The plaintiff made a prima facie showing of the defendants' negligence since there was proof the defendant violated the statute making it unlawful to operate a motor vehicle without adequate braking system.).  Thus,

-9-

Defendants Dearman and McClurg are not entitled to summary judgment with respect to Plaintiff's claim for negligence *per se*.[4]

Defendants Dearman and McClurg offer two arguments that counsel against this result. I address each argument in turn. First, Defendants Dearman and McClurg argue that "[P]laintiff has failed to set forth any specific facts showing that . . . [D]efendant, . . . Dearman, knew, or that it was reasonably foreseeable for him to know, that the vehicle was dangerous and in an unsafe condition at the time of the accident." (Def. Dearman's Br. at 4.) Defendants Dearman and McClurg suggest that section 42–4–202(1) requires a certain level of knowledge regarding the condition of the vehicle.

Statutory construction issues are questions of law. *Hendricks v. People,* 10 P.3d 1231, 1235 (Colo. 2000). Where the meaning is clear and no ambiguity would result, the statute must be interpreted as written without resort to other rules of statutory construction. *People v. District Court,* 713 P.2d 918, 921 (Colo. 1986). Here, the language of section 42–4–202, indicates that the term "knowingly" in the statute modifies the phrase "permit to be driven or moved." Colo. Rev. Stat. § 42–4–202. The phrase "[i]t shall be unlawful for any person to drive or move. . .[,]" *id.*, comes before the term "knowingly," and there is not a knowledge requirement that precedes this phrase. *Id.* Thus, the General Assembly contemplated a knowledge

_____

[4]In order to succeed at trial on her negligence *per se* claim, Plaintiff will still need to prove that Defendants' negligence was the proximate cause of her injuries. In a negligence *per se* claim, the statute itself establishes the standard of care and its violation is equivalent to a breach of duty. *Lui v. Barnhart*, 987 P.2d 942, 945 (Colo. App. 1999). Plaintiff must still prove that Defendants' negligence was the proximate cause of her damages. *Easton v. 1738 P'ship*, 854 P.2d 1362, 1364 (Colo. App. 1993). The parties do not address proximate cause in their briefs.

requirement and sought to include it only as it pertains to whether the owner of the vehicle "knowingly permit[s]" the vehicle "to be driven." *Id.* Accordingly, section 42–4–202, does not impose a knowledge requirement on Defendants Dearman or McClurg regarding the condition of the vehicle and Defendants assertion to the contrary is unavailing.

Next, Defendants Dearman and McClurg argue that "Plaintiff has failed to demonstrate a genuine issue of material fact regarding the affirmative defense of sudden mechanical emergency." (Def. McClurg's Reply at 4–5.) Colorado recognizes the defense of sudden equipment failure, but only in cases in which the defendant is not chargeable with knowledge that the equipment was or might have been in bad condition. *Eddy*, 347 P.2d at 504; *Daigle v. Prather*, 380 P.2d 670, 118–19 (Colo. 1963). Plaintiff has produced sufficient evidence to create a genuine issue of fact regarding Defendants Dearman's and McClurg's knowledge regarding the status of the Blazer. Both Defendants Dearman and McClurg testified that they knew there was a mechanical problem with the Blazer. (Pl.'s Resp. to Def. Dearman's Br., Ex. McClurg at 12–13 [Dep. of McClurg]; Ex. Dearman at 20 [Dep. of Dearman].) Further, on the day of the accident, Defendant McClurg took the Blazer to Defendant DUPPE because it was making strange sounds. (*Id.*) Thus, this evidence is enough to create an issue of fact regarding Defendants Dearman's and McClurg's knowledge regarding whether the Blazer was in bad condition. Based on the foregoing, I deny Defendants Dearman's motion for summary judgment with respect to the negligence *per se* claim.

### 3.   *Plaintiff's Negligence Claim as Asserted Against Defendant DUPPE*

Plaintiff alleges in her complaint that "Defendant DUPPE owed a common-law duty to exercise due caution and reasonable care, in the same and like manner as similarly situated

auto[mobile] repair businesses, in its inspection of and mechanical work upon . . . Defendant[]

[Dearman's] vehicle . . ." (First Am. Compl. ¶ 22.)  In order to establish a prima facie case of

negligence, Plaintiff must establish that Defendant DUPPE: (1) owed Plaintiff a legal duty of

care; (2) breached that duty; (3) that Plaintiff suffered injuries; and (4) Defendant DUPPE's

breach of the duty was the proximate cause of Plaintiff's injuries. *Gerrity*, 946 P.2d at 929.

Defendant DUPPE asserts that it is entitled to summary judgment because (1) it did not owe a

duty to Plaintiff, and (2) even if Defendant DUPPE owed a duty to Plaintiff, Plaintiff's injuries

were not proximately caused by Defendant DUPPE's actions.  (Def. DUPPE's Br. at 7–9.)  I

only need to address Defendant DUPPE's first argument regarding duty.

     Plaintiff agrees that Defendant DUPPE's duty (1) does not arise out of an affirmative act

by Defendant DUPPE, nor (2) is it borne out of a special relationship between the parties.  (Pl.'s

Resp. to Def. DUPPE's Br. at 2.)  Instead, Plaintiff contends that "Defendant DUPPE assumed

a duty to act reasonably in its inspection of the [Blazer] and the giving of advice to Defendant

McClurg."  (*Id.*)  The question of whether Defendant DUPPE assumed a duty to Plaintiff, is one

of mixed law and fact. *Jefferson County Sch. Dist. R–1 v. Justus*, 725 P.2d 767, 771 (Colo. 1986).

     First, Plaintiff must show that Defendant DUPPE, either through its affirmative acts or

through a promise to act, undertook to render a service that was reasonably calculated to prevent

the type of harm that befell Plaintiff. *Id.* (citing *Williams v. Municipality of Anchorage*, 633 P.2d

248, 251 [Alaska 1981] [court, in reversing summary judgment, held that, "[t]he precise nature

and extent of [an assumed] duty, while a question of law, depends upon the nature and extent of

the act undertaken, a question of fact."]).  Second, Plaintiff must show either that she relied on

-12-

Defendant DUPPE to perform the service or that Defendant DUPPE's undertaking increased Plaintiff's risk. *Id.* at 771 (citing *Nallan v. Helmsley-Spear, Inc.*, 50 N.Y.2d 507, 522, 407 N.E.2d 451, 460 [1980] [negligence based on assumption of duty to provide office building security would require a showing (1) that defendant undertook to provide the security service, (2) that it provided the service negligently, and (3) either that its conduct in undertaking the service placed plaintiff in a more vulnerable position than he would have been had defendant taken no action at all or that it was reasonably foreseeable that members of the public would rely on defendant's protective services]).

Plaintiff has failed to create a genuine issue of fact as to these elements. First, Defendant McClurg took the Blazer to Defendant DUPPE after Defendant Dearman spoke to an employee of Defendant DUPPE who agreed to look at the transmission. (Def. DUPPE's Br., Statement of Undisputed Material Facts ¶ 4, Ex. A–2 at 13–14, 17, 19 [Dep. of McClurg]; *deemed admitted at* Pl.'s Resp. to Def. DUPPE's Br. at 3.) The DUPPE employee only agreed to check the transmission and did not agree to perform a general inspection of the vehicle. (*Id.*) In fact, Defendant McClurg testified that she only asked the employee to "listen to the transmission and asked if he would take it for a test drive." (*Id.*) Defendant DUPPE voluntarily inspected Defendant Dearman's transmission and determined that the transmission was fine. (*Id.*, Statement of Undisputed Material Facts ¶ 4, Ex. A–2 at 18 [Dep. of McClurg].) The DUPPE employee did not perform any repairs on the automobile, rather, he told Defendant McClurg that she needed "to have [Defendant Dearman] check the gears and the pumpkin." (*Id.*, Ex. A–2 at 18 [Dep. of McClurg].) The "pumpkin" or differential is not related to the transmission. (*Id.*, Statement of Undisputed Material Facts ¶ 5.) Defendant Dearman's Blazer malfunctioned and

-13-

leaked oil on the highway because of the faulty differential.  (*Id.*, Statement of Undisputed Facts ¶ 13, Ex. A–1 at 25 [Dep. of Dearman].)  Defendant DUPPE did not undertake any service with respect to the differential or the Blazer as a whole.  It follows that the harm that befell Plaintiff — injury caused by a faulty differential — did not occur because any service DUPPE undertook or was asked to perform.  Thus, Defendant DUPPE did not assume any duty with respect to Plaintiff.  Accordingly, Defendant DUPPE is entitled to summary judgment on Plaintiff's negligence claim.

**4.**    ***Conclusions***

Based on the foregoing it is therefore ORDERED that:

1.    Defendant Dearman's motion for summary judgment (# 36) is GRANTED in part and DENIED in part.  Defendant Dearman's motion is GRANTED with respect to Plaintiff's negligence claim and DENIED with respect to Plaintiff's negligence *per se* claim.

2.    Defendant DUPPE's motion for summary judgment (# 38) is GRANTED.

3.    Defendant McClurg's motion for cost bond (# 25) is DENIED.

4.    The court will hold a Final Pretrial Conference commencing at 4:00 o'clock p.m. on October 28, 2005, in Courtroom A1001 of the Alfred A. Arraj United States Courthouse, 901 19th Street, Denver, Colorado.  In preparing for and participating in the conference, the parties and counsel will (1) follow the Instructions for Preparation and Submission of Final Pretrial Order, a copy of which can be downloaded from the court's web site, specifically http://www.cod.uscourts.gov/forms/ewn_fin_pre_ord_ins.pdf and (2) utilize the specific template located at http://www.cod.uscourts.gov/forms/ewn_fin_pre_ord.wpd  These specific web addresses should be used to insure that the proper format is observed.

Dated this 11th day of August, 2005.


                                    BY THE COURT:

                                    s/Edward W. Nottingham
                                    _____
                                    EDWARD W. NOTTINGHAM
                                    United States District Judge